**Opinion issued December 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00798-CV

_____

**TYQUISHA N. DAVIS, Appellant**

**V.**

**2 EQUINES, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1234113**

---

## MEMORANDUM OPINION

Appellant, Tyquisha N. Davis, attempts to appeal from the County Court's September 9, 2024 order of disposition on trial de novo of the right to possession of two horses ordered seized by the Justice Court. Appellee, Harris County, has filed a motion to dismiss asserting that this Court lacks jurisdiction over this appeal based

on Section 821.025(e) of the Texas Health and Safety Code. Appellant did not respond. We grant the motion and dismiss the appeal.

Section 821.025 permits an owner, who has been divested of ownership of an animal, to appeal that order to the county court or county court at law. *See* TEX. HEALTH & SAFETY CODE § 821.025(a). The decision of the county court at law "is final and may not be further appealed." *Id.* § 821.025(e); *see Madison v. Harris County*, No. 01-17-00675-CV, 2017 WL 4414035, at * 1 (Tex. App.—Houston [1st Dist.] Oct. 5, 2017, no pet.) (dismissing attempted appeal from county court at law order on trial de novo of right to possession of animals under Section 821.023 because no appeal is permitted under Section 821.025(e)).

Accordingly, because appellant is prohibited by statute from appealing the County Court at Law order, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.

2